**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| **GARY CHRISTOPHER FORD,** | |
| Petitioner, | **No. 11-CV-3009-DEO** |
| vs. | **ORDER** |
| **JAMES MCKINNEY, Warden,** | |
| Respondent. | |

_____

Mr. Ford filed the present Motion for a Certificate of Appealability on June 20, 2013. Docket No. 27. On June 18, 2013, this Court entered a ruling denying Mr. Ford's Petition requesting habeas relief under 28 U.S.C. § 2254. Docket No. 25. The Petitioner, Gary Christopher Ford [hereinafter Mr. Ford], is currently incarcerated at the Fort Dodge Correctional Facility pursuant to a conviction for first-degree robbery and felon in possession of a firearm. Docket No. 1.

I. ANALYSIS

Under the Code, in most situations, a party must receive a Certificate of Appealability before that party can appeal a district court's ruling on a habeas petition to the circuit

court.[1]  28 U.S.C. §2253(c)(2) gives the District Court discretionary power to grant a Certificate of Appealability. Under that section, the Court should only issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 482 (2000) (citing 28 U.S.C. § 2253(c)). In Slack, the Supreme Court defined "substantial showing" as follows:

> To obtain a [certificate of appealability] under §2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. at 894,], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Barefoot, 463 U.S. at 893, and n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (sum[ming] up the "substantial showing" standard).

Slack, 529 U.S. at 483-84. See also Garrett v. United States, 211 F.3d 1075, 1076-77 (8th Cir. 2000).

---

[1] See, generally, 28 U.S.C. §2253.

In his habeas Petition, Mr. Ford raised one primary argument: that his trial counsel failed to perform an essential duty by neglecting to pursue an alibi defense.[2]

In this case, Mr. Ford argued his trial counsel was deficient for failing to pursue an alibi defense. Typically to prevail on an ineffective assistance claim, a petitioner must show that his attorney's "performance was deficient" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). After reviewing the record, the Court found that Ms. Samuelson, Mr. Ford's trial attorney, worked diligently and thoroughly to prepare for trial; and she met with the defendant on a nearly daily basis. This Court found no failure on Ms. Samuelson's part to zealously represent her client in spite of his forcing

---

[2] The Court notes that Mr. Ford's pro se filings discuss several other issues. In its ruling, the Court found that Mr. Ford had failed to exhaust those issues, stating that "[u]nder the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court. Harrington v. Richter, 131 S. Ct. 770, 787 (2011) citing 28 U.S.C. § 2254(b); see also Clay v. Norris, 485 F.3d 1037, 1038-1039 (8th Cir. 2007)." Docket No. 25, ft. 2. Accordingly, the Court did not reach the substance of those claims, and it would be inappropriate to issue a Certificate of Appealability regarding those claims. However, for the reasons set out below, Mr. Ford may challenge the Court's Ruling that those claims were not exhausted.

her to proceed to trial on short notice. Similarly, a review of the record showed no deficiency regarding the performance of Mr. Ford's prior attorney, Mr. Koll. Mr. Koll filed appropriate motions to supress, investigated and then interviewed potential witnesses. Regarding the issue of the alibi witnesses, the Court found that the attorneys had to make a strategic decision regarding the potential alibi. Mr. Koll and later Ms. Samuelson faced a balancing act between trying to prove Mr. Ford's whereabouts, as opposed to attacking the surveillance videos to show "it can't be him." Ultimately, the two attorneys met to discuss the alibi defense. The attorneys agreed the alibi was not "tight enough for it to be real effective." The Court found that to be a valid strategic decision, and denied Mr. Ford's Habeas Petition on those grounds. Additionally, the Court found that even if the attorney's performance had been deficient, Mr. Ford failed to show any prejudice.

Even though the Court is satisfied with its ruling, the Court believes that it is possible that "reasonable jurists could debate whether...the petition should have been resolved in a different manner". <u>Slack</u>, 529 U.S. at 483-84. The

4

existence of the circuit courts and the Supreme Court is a testament to the fact that district courts are not infallible. The Court's decision in this case was a judgment call, and this Court is of the opinion that all its judgment calls should be reviewable. Mr. Ford's claim is sufficiently well founded that a review would be appropriate.

The case of <u>Tiedeman v. Benson</u>, 122 F.3d 518 (8th Cir. 1997) states that in granting a Certificate of Appealability, this Court must state the issues upon which the applicant may have made a substantial showing of the denial of his constitutional rights. Accordingly, Mr. Ford may appeal the issues related to the alibi defense and whether this Court correctly found he had not exhausted his other, pro se claims.

## II. CONCLUSION

**IT IS THEREFORE HEREBY ORDERED** that petitioner's motion for certificate of appealability, Docket No. 27, is **granted**.

**IT IS SO ORDERED** this 21st day of June, 2013.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa